IN THE MATTER OF THE GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS OF RIDGE ESTATES, INC., ASSIGNOR, TO PAUL R. KLEINBERG, ASSIGNEE-RESPONDENT.

LAWRENCE KANTOR, INC., CREDITOR-APPELLANT, v. PAUL R. KLEINBERG, ASSIGNEE-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 20, 1961—Decided December 5, 1961.

Before Judges PRICE, SULLIVAN and LEONARD.

*Mr. Melville J. Berlow* argued the cause for creditor-appellant.

*Mr. Harry Dvorken* argued the cause for assignee-respondent.

The opinion of the court was delivered by

SULLIVAN, J. A. D. On October 22, 1959, Ridge Estates, Inc. (assignor), pursuant to *N. J. S.* 2A:19–1 *et seq.* executed a "deed of assignment for the benefit of creditors" to Paul R. Kleinberg as assignee (assignee), and thereby conveyed two building lots, which were the sole asset of the assignor, to said assignee. On October 26, 1959 Lawrence Kantor, Inc. (Kantor) recovered a judgment against the assignor for $288.53 damages and $19.42 costs in the Essex County District Court, and on October 29, 1959 said judgment was docketed in the Essex County Court. On October 30, 1959 the aforesaid deed of assignment was recorded in the Essex County Register's Office in deed book 3675, page 26.

Thereafter the assignee commenced the instant proceedings to have the Kantor judgment declared void as a lien on the two building lots conveyed to the assignee, on the ground that it was a preferential transaction as defined in *N. J. S.* 2A:19–3. When the matter came on for hearing, however, it was admitted that the affidavit in support of the assignee's application was faulty "for its failure to demonstrate that there was any illegal transaction engaged in to give the judgment creditor an unlawful preference." It was not claimed that Kantor had notice of the deed of assignment prior to his obtaining his judgment and docketing it.

The trial court held that the execution and delivery of the deed of assignment, even though not recorded forthwith, was effective to convey title so that no property right remained in the assignor which could become the subject of a judgment lien. Thereupon the court ordered that Kantor's judgment be declared void as a lien against the two building lots and adjudged said judgment to be a general unsecured claim. Kantor appeals.

We are dealing here with real estate, title to which is subject to our recording act, *R. S.* 46:22–1. Said act provides that "Every deed * * * shall, until duly recorded * * *

be void and of no effect against subsequent judgment creditors without notice  *  *  *."

We hold that a *deed of real estate* to an assignee for the benefit of creditors, until it is recorded, is void as against a subsequent judgment creditor of the assignor without notice. Accordingly, the trial court should not have voided the lien of the Kantor judgment nor adjudged it to be a general unsecured claim.

It is also contended that an assignee for the benefit of creditors pursuant to *N. J. S.* 2A:19–14 has the status of a judgment creditor who has levied on his judgment, and that since Kantor did not issue execution on his judgment and make a levy on the building lots prior to the recording of the assignee's deed, his lien is inferior to the assignee's title.

*N. J. S.* 2A:19–14, however, does not give the assignee the broad status claimed. It does no more than provide that "The assignee  *  *  *  shall have the same power to set aside conveyances, and to recover or reach assets for the benefit of the creditors as a creditor would have who was the holder of a judgment and levy against the assignor and his property at the date of the assignment."

Reversed. Costs to appellant.